IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CHRISTOPHER L. DECOTEAU,** | ) | CASE NO. 4:08CV3146 |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **DIANE SABATKA-RINE,** | ) | |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (Filing No. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made three claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One:    Petitioner's conviction was obtained as a result of ineffective assistance of counsel *because* Petitioner's counsel did not argue that Petitioner acted "in [the] defense of another."

Claim Two:    Petitioner's conviction was obtained as a result of ineffective assistance of appellate counsel *because* Petitioner's appellate counsel did not argue that Petitioner acted "in [the] defense of another."

Claim Three:  Petitioner's conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea *because* Petitioner was mistaken about the charges filed against him.

Liberally construed, the court preliminarily decides that all of these claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

Petitioner requests the appointment of counsel. (Filing No. 1.) "There is neither a

constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.,* *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) In short, there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition for Writ of Habeas Corpus (Filing No. 1), the court preliminarily determines that the following claims are potentially cognizable in federal court: Claims One through Three as described in this Memorandum and Order;

2. Petitioner's Motion for Appointment of Counsel (Filing No. 1) is denied without prejudice to reassertion;

3. The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition for Writ of Habeas Corpus (Filing No. 1) to Respondent and the Nebraska Attorney General by regular first-class mail;

4. By September 22, 2008, Respondent shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: September 22, 2008: deadline for Respondent to file answer or motion for summary judgment;

5. If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

    A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

> B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."
>
> C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief shall be served upon Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.
>
> D. No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.
>
> E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief.
>
> F. If the motion for summary judgment is denied, Respondent shall file an answer, a designation and a brief that complies with the terms of this order. (See the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. ***Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner;***

6. If Respondent files an answer, the following procedures shall be followed by Respondent and Petitioner:

> A. No later than 30 days after the filing of the answer, Respondent shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    B.    The answer shall be supported by all state court records which are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

    C.    Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief; and

7.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 8th day of August, 2008.

                                  BY THE COURT:

                                  s/Laurie Smith Camp
                                  United States District Judge