#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CHRISTOPHER L. DECOTEAU,** | ) | **CASE NO. 4:08CV3146** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **DIANE SABATKA-RINE,** | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 7.) In support of her Motion, Respondent filed a Brief and relevant State Court Records. (Filing Nos. 8 and 9.) Petitioner Christopher Decoteau ("Decoteau") filed a Brief in Opposition to Respondent's Motion for Summary Judgment. (Filing No. 11.)

Liberally construing the allegations of Decoteau's Petition for Writ of Habeas Corpus (Filing No. 1), he argues that the Petition should be granted because:

Claim One: Petitioner's conviction was obtained as a result of ineffective assistance of counsel *because* Petitioner's counsel did not argue that Petitioner acted "in [the] defense of another."

Claim Two: Petitioner's conviction was obtained as a result of ineffective assistance of appellate counsel *because* Petitioner's appellate counsel did not argue that Petitioner acted "in [the] defense of another."

Claim Three: Petitioner's conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea *because* Petitioner was mistaken about the charges filed against him.

(Filing No. 6 at CM/ECF p. 1.)

### I. BACKGROUND

On May 12, 2003, Decoteau pled "no contest" and was sentenced on May 13, 2003, to serve 15 to 20 years for one count of Manslaughter, 10 to 20 years for one count of Use

of a Weapon to Commit a Felony, one to three years for one count of Fleeing to Avoid Arrest, and one to two years for Possession of a Controlled Substance (Methamphetamine). (Filing No. 9-5, Attach. 4 at CM/ECF pp. 1-4.) Decoteau, through counsel, filed a timely direct appeal. (Filing No. 9-2, Attach. 1 at CM/ECF p. 1.) The Nebraska Court of Appeals summarily affirmed Nelson's sentence on November 12, 2003, and did not issue a separate opinion. (*Id.* at CM/ECF p. 2.) Decoteau did not appeal the summary affirmance to the Nebraska Supreme Court. (*Id.*) The Nebraska Supreme Court therefore issued the mandate to the Lancaster County, Nebraska District Court on December 16, 2003. (*Id.*)

Petitioner filed a Verified Motion for Postconviction Relief ("Post Conviction Motion") in the District Court of Lancaster County, Nebraska, on May 25, 2007. (Filing No. 9-4, Attach. 3, at CM/ECF pp. 3-10.) The Post Conviction Motion was denied on November 8, 2007. (*Id.* at CM/ECF pp. 1-2.) Decoteau appealed that order on November 30, 2007, but the decision of the Lancaster County, Nebraska District Court was summarily affirmed on April 7, 2008. (Filing No. 9-3, Attach. 2, at CM/ECF p. 2.) Decoteau filed a petition for further review, which was overruled on May 14, 2008. (*Id.*) The mandate was then issued on May 28, 2008. (*Id.*)

Decoteau filed his Petition in this court on July 10, 2008. (Filing No. 1.) Respondent thereafter filed her Motion for Summary Judgment, arguing that Decoteau's Petition is barred by the relevant statute of limitations. (Filing No. 8.) In opposition, Decoteau states that his failure to file his Petition within one year should be excused and argues the merits of his claims. (Filing No. 11.)

2

## II.   ANALYSIS

### A.   Statute of Limitations

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)).  This one-year limitation period runs from the latest of the following dates:

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Importantly, however, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Riddle v. Kemna*, 523 F.3d 850, 852 (8th Cir. 2008) (indicating that a postconviction case is pending, and the limitations period is tolled, from the filing of the postconviction motion until the mandate issues).

Here, there is no indication that the Petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D).  The issue, therefore, is whether the Petition was filed

3

within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The limitations period began to run on December 16, 2003, when the mandate was issued and Petitioner's direct criminal appeal became final. *See, e.g.*, *Riddle*, 523 F.3d at 852 (holding that the petitioner's direct appeal became final, and the one-year limitations period began to run, on the date that the Missouri Court of Appeals issued its mandate). Thus, Decoteau had one year, or until December 16, 2004, to file his state Post Conviction Motion, or a petition in this court. Decoteau did not file his Post Conviction Motion until May 25, 2007, and did not file his Petition until July 10, 2008. Even though the time during the pendency of the Post Conviction Motion does not count, that motion was not filed until more than two years after the statute of limitations had already expired. In light of this, the court finds that Decoteau's Petition was not timely filed.

### B. Equitable Tolling

Decoteau argues that the untimeliness of his Petition should be excused. (Filing No. 11.) The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations. *See, e.g.*, *Riddle v. Kemna*, 523 F.3d at 857. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)). Moreover, "[e]quitable tolling is 'an exceedingly narrow window of relief.'" *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 808, 805 (8th Cir. 2001)).

Decoteau argues that equitable tolling should be applied in this case because he did not "realize[] his counsel should have not let him plead guilty" until shortly before he filed his Post Conviction Motion. (Filing No. 11 at CM/ECF p. 1.) Ineffective assistance of counsel does not ordinarily warrant equitable tolling. *Walker v. Norris*, 436 F.3d 1026, 1033 (8th Cir. 2006).[1] It is clear that Decoteau has not pursued his rights diligently, nor does it appear that any extraordinary circumstance stood in Decoteau's way of timely filing his Petition. The court finds that equitable tolling does not apply and Decoteau's Petition is barred by AEDPA's statute of limitations.

IT IS THEREFORE ORDERED that:

1. Petitioner Christopher Decoteau's Petition for Writ of Habeas Corpus is denied in all respects and this action is dismissed with prejudice;

2. A separate judgment will be entered in accordance with this Memorandum and Order; and

3. Petitioner's pending Motion for Additional Documents (Filing No. 10) and Respondent's Objection (Filing No. 13) are denied as moot.

DATED this 14th day of October, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[1] While it is unclear, Decoteau may also be arguing that he is entitled to equitable tolling because of a misapplication of state law. (*See* Filing No. 11.) However, federal habeas corpus relief is unavailable "for errors of state law." *Evenstad v. Carlson*, 470 F.3d 777, 782-83 (8th Cir. 2006) (quotation omitted). Because this court cannot review state-law questions, Decoteau is not entitled to equitable tolling on this basis.